## GILL *v.* KAYSER.

Opinion delivered February 23, 1895.

*Married woman—Judgment against—Husband's liability.*

Under Sand. & H. Dig., sec. 4947, providing that no bargain or contract made by any married woman in respect to her sole and separate property shall be binding upon her husband, a second husband is not liable upon judgments recovered against his wife during her former marriage on debts contracted by her for the benefit of her separate business and estate.

Appeal from Sebastian Circuit Court, Fort Smith District.

EDGAR E. BRYANT, Judge.

STATEMENT BY THE COURT.

This suit was instituted in the Fort Smith district of the Sebastian circuit court, by appellant against appellees, on the 23d day of March, 1894 ; and, on demurrer to answer, judgment was rendered in favor of defendants, and, saving exceptions, plaintiff appealed to this court.

It is alleged in the complaint, in substance, that on the 16th November, 1891, plaintiff had recovered judgment in the sum of $142.60 against the appellee, Lizzie G. Kayser, before a justice of the peace, in her then name, Lizzie Sims, on a promissory note to his intestate, Richard Marquardt, made by her in that name, together with one Maria Cranly ; that plaintiff, on the 17th day of November, 1891, had recovered another judgment for the sum of $172.85, before the same justice of the peace, against appellee, Lizzie G. Kayser, under her then name of Mrs. Geo. Sims ; that before the institution of this suit, and after the recovery of said judgments, appellees intermarried, and that both are residents of this State. Prayer for judgment against both.

Defendants filed their answer to. the complaint, in effect stating that both the debts sued for in the justice of the peace court were contracted, and judgments rendered thereon, while defendant Lizzie was yet the lawful wife of one George Sims, and that both debts were contracted by her while a married woman, for the benefit of her own separate business and estate, and for her own use; that defendants were married, as stated, in the State of Texas, and that the laws of that State are substantially the same as those in this State as affecting a married woman and her separate property and the liabilities of her husband in relation to her ; that the defendant, Henry J. Kayser, was then a resident of the Choctaw Nation, in the Indian Territory.

To this answer plaintiff interposed a demurrer on account of insufficiency to constitute a defense—a general demurrer in short upon the record.

*Jos. M. Hill* for appellant.

1.   A husband is liable for the ante-nuptial debts of his wife.   Schouler, Dom. Rel. sec. 56 ; 1 Black. Com. · *p. 443; 2 Kent, *p 143; 7 Oh. St. 31 ; 45 Miss. 88 ; 32 Kas. 409; Kelly on Cont. Mar. Wom. p. 16; 2 Bishop on Mar. Wom. sec. 317; 9 Am. & Eng. Enc. Law, p. 823 ; 27 Ark. 289; 8 *id.* 241 ; 44 *id.* 401; 19 *id.* 420; 16 *id.* 539.

2.   Neither the constitution nor the "married women's acts" have freed the husband from this liability.   Const. art. 9, sec. 7 ; 41 Ark. 184; 43 *id.* 166; 5 Duer, 183; 47 N. Y. 577; 103 Pa. St. 67 ; 19 Wis. 333 ; 42 Mo. 303; 31 Oh. St. 546 ; 9 Am. & Eng. Enc. Law, p. 822, etc.

3.   The reason for the common law liability of the husband has not ceased.   His liability was not based on the property he received from her.   2 Bish. M. W. sec. 312 ; 1 Bl. Com. *p 443 ; 8 Ark. 241; 31 Oh. St. 546 ;

27 Ark. 288; Kelly, M. W. Cont. p. 13; 10 S. W. 277; 44 Ark. 401; 48 *id.* 220.

*James B. McDonough* for appellees.

1.  In Arkansas, since the passage of the "married woman's" act of 1873, the husband is not liable for the ante-nuptial debts of the wife. Sand. & H. Dig. secs. 4947–4979; Const. Ark. art. 4, sec. 7; 39 Ark. 238; 47 *id.* 485; 44 *id.* 486; 12 Ala. 798; Schoul. Dom. Rel., p. 100, 112 *et seq;* 2 Bish. M. W. sec. 312, 325 *et seq;* 38 Ga. 255; 19 Ala. 831; 40 *id.* 737; 51 Am. Dec. 712; 60 *id.* 258, note.

2.  Henry J. Kayser is not liable for the debts of his wife while she was a married woman, the wife of Sims, on contracts for her sole and separate use, etc., and for the benefit of her separate estate and business, because the statute exempts him expressly. Sand. & H. Dig. sec. 4947. If not binding on Mrs. Sims, because not relating to the separate estate, the debts bound no one, as a married woman cannot contract debts, except as to her separate estate, etc. See 4 Greene, 184.

BUNN, C. J., (after stating the facts). The demurrer admits the truth of the statements in the answer. One of these statements is that the debts sued for were contracted by appellee Lizzie while she was the lawful wife of one George Sims; and another of these statements in the answer is that the debts sued for were contracted by her as a married woman as aforesaid for her own use, and for the benefit of her separate business and estate. If the debts were mere ordinary debts, having no reference to her ordinary estate or business, they were void, and no judgment could legally be rendered upon them, if her disability was shown, and of course they would be binding upon no one. If, however, the debts, as alleged in the answer and admitted by the demurrer, were contracted while she was a married woman, for the

benefit of her separate business and estate, then, by the provisions of section 4947, Sand. & H. Dig., her husband is expressly released of all liability in relation to such contracts. And, as is provided in section 4946, she may sue and be sued alone in relation to her said business and separate property; that is to say, she can act, and will be regarded in relation thereto, as a *feme sole.* The obligation continues with her until discharged therefrom by payment or otherwise, without regard to a change in her own personal relationship; and a second husband, we think, must necessarily enjoy the statutory immunity from liability for such contracts and debts. Any other construction would give to the statute referred to a meaning we cannot attribute to the legislature in enacting it.

This makes it unnecessary to enter into an inquiry as to how far, if at all, the common law rule which makes the husband liable for his wife's ante-nuptial debts has been changed by statute in this State.

Affirmed.